UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

JOHN POTENZA,

                Plaintiff,         NOT FOR PUBLICATION
                                       **MEMORANDUM AND ORDER**
   against                      03-CV-5534 (CBA)

JAMES P. MOLINARO, et al.,

                Defendants.

--------------------------------------------------------x
AMON, United States District Judge.

      Plaintiff John Potenza filed this action pursuant, *inter alia*, to 42 U.S.C. § 1983 alleging that the various defendants violated his rights under the First and Fourteenth Amendments to the United States Constitution by denying him access to television production facilities operated by defendant Staten Island Community Television, Inc. ("SICTV").

    **I.**    **Background**

      On October 6, 2004, The Court granted the defendants permission to file motions to dismiss, and directed the parties to file briefs addressing only the plaintiff's First Cause of Action, which is the only cause of action to raise questions of federal law. Defendant SICTV and various officers and directors of SICTV subsequently moved to dismiss Potenza's Amended Complaint on the grounds that there was no state action in this case, and, even if there were state action, the Amended Complaint does not allege a violation of Potenza's First Amendment rights.

1

The City of New York and various officials of the City also moved to dismiss the Amended Complaint as against them on the ground that it fails to allege that they participated in the termination of the plaintiff's privileges to use the facilities in question.

On March 4, 2005, this Court referred the motions to the Honorable Cheryl L. Pollak, United States Magistrate Judge, for a Report and Recommendation. Judge Pollak submitted a thorough and comprehensive report on September 27, 2005 recommending that the Amended Complaint be dismissed on the ground that Potenza had failed to allege a violation of rights protected by the First or Fourteenth Amendments. Potenza filed objections to that Report and Recommendation on October 12, 2005. This Court heard oral argument on the motion at Potenza's request on February 3, 2006.

## II. Discussion

Upon careful consideration of the parties' various filings, the Court adopts Magistrate Judge Pollak's Report and Recommendation in part and rejects it in part, as detailed below.

### A. Standard of Review

As stated in Judge Pollak's Report and Recommendation, a motion to dismiss for failure to state a claim should be granted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (quotation marks omitted). In reviewing a motion to dismiss, the Court must accept the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Leatherman v. Tarrant County Narcotics Intell. & Coord. Unit, 507 U.S. 163, 164 (1993); Papasan v. Allain, 478 U.S.

265, 283 (1986); Shah v. Meeker, 435 F.3d 244, 248 (2d Cir. 2006). This pleading standard applies "with even greater force where the plaintiff alleges civil rights violations." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996) (quotation marks omitted).

B. Forum Analysis

In this case, Potenza alleges that he has been wrongfully denied access to the SICTV prodution facilities, and that this denial has incidentally burdened his First Amendment right to free expression. (See Pl.'s Mem. 16, Dec. 1, 2004.) The Court concurs with Magistrate Judge Pollak's analysis of public forum jurisprudence but finds that the question of whether the SICTV production facilities constitute a public or nonpublic forum raises questions of fact that may not be decided upon a motion to dismiss pursuant to Rule 12(b)(6). See Stewart v. D.C. Armory Bd., 863 F.2d 1013, 1018–19 (D.C. Cir. 1988) (reversing dismissal of First Amendment claims because issue whether government intended to create public forum was "inherently factual" and could not be decided on motion to dismiss). Although the Court may later find that this question could appropriately be decided upon a motion for summary judgment, the Court cannot at this early stage of the litigation conclude that it is "beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (quotation marks omitted). The Court therefore declines to dismiss Potenza's First Cause of Action.

C. Claims Against City Defendants

The Court adopts as the opinion of the Court that part of Judge Pollak's Report and Recommendation which recommends that the Court dismiss the claims against Mayor

Michael Bloomberg and Staten Island Borough President James P. Molinaro. Pursuant to a request by the plaintiff's attorney at oral argument before this Court, the Court grants the plaintiff leave to amend his Complaint to allege negligent supervision by Borough President Molinaro. Fed. R. Civ. P. 15(a). Such amendment must be made within 30 days of the date of this decision.

### III. Conclusion

For the reasons set forth above, the Court finds that the defendants' motion to dismiss the First Cause of Action in the Amended Complaint must be denied because the Court cannot conclude that the plaintiff would be unable to establish a set of facts entitling him to relief. The Court grants the defendants' motion to dismiss the claims against Mayor Michael Bloomberg and Staten Island Borough President James P. Molinaro, but grants the plaintiff leave to amend the Complaint for a second time to allege negligent supervision by Borough President Molinaro.

SO ORDERED.

|  |  |
|---|---|
| Dated: Brooklyn, New York<br>March 31, 2006 | CAROL BAGLEY AMON<br>United States District Judge |